JONES *v*. MAYBERRY.

Opinion delivered April 12, 1920.

1. MASTER AND SERVANT—STATUTORY FELLOW-SERVANT RULE.—Partners are not within the statute providing that the master shall be liable for injuries caused by the negligence of fellow servants, as the statute applies only to corporations which employ servants.

2. MASTER AND SERVANT — ASSUMED RISK.—An expert edger who knew that the cover over a cog of the machine which he was operating was off and knew the danger of working near an exposed cog assumed such risk and can not recover for injuries resulting from his hand getting caught in the cogs.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; reversed.

### STATEMENT OF FACTS.

This is an appeal by defendants from a judgment of the circuit court against them in plaintiff's favor in an action brought to recover damages for personal injuries alleged to have been caused by the defendant's negligence. At the time the plaintiff, R. A. Mayberry, received his injuries he was in the employ of the defendants, J. M. Jones and A. B. Dunn, partners under the firm name of Jones & Dunn. He was injured while running an edger machine at the mill of the defendants. He had been working as an edger for nine or ten years and was an expert in that line of work. He had been working at that particular mill as an edger for about four weeks. On the day in which plaintiff received his injuries, they were operating the machinery pretty fast, and slabs were coming along the live rolls to the edger machine pretty fast and they were pretty short. The off-bearers got behind with their work, and the plaintiff turned around to the live rolls to take a slab off so that it would not be carried on past the edger machine. Just as the plaintiff reached his hand under the slab to pick it up and throw it off of the live rolls, the off-bearer threw another slab which fell on the one the plaintiff was picking up and this caused his hand to be knocked down so that it caught in the cog and one

finger of his hand was torn off and another one badly injured. It was the custom at every mill the plaintiff had ever worked at for the edger to help keep the live rolls clear of slabs. If the cog had been covered up, the plaintiff's hand would not have gotten hurt. About a month after the accident the cog was covered up. The plaintiff knew there was a hole there, and that if his hand fell in the hole it was likely to be injured by the cog. This was the version of the accident testified to by the plaintiff.

Another witness for the plaintiff testified that he thought the cog had originally been covered and that a hole had been gradually worn in the cover, and that this hole had been there for some time before the accident occurred.

The off-bearer in question was a witness for the defendants and testified that he did not throw a slab against the one that the plaintiff was holding at the time the latter was injured.

Other witnesses for the defendants testified that it was not the duty of the edger to help keep the live rolls clear of slabs. They said that it was only his duty to take off the slabs as he needed them for the edger machine, and that if the slabs came too fast for him he should let them go by, and the off-bearers at the end of the live rolls would gather them up and bring them back to the edger machine.

The jury returned a verdict in favor of the plaintiff and the defendants have appealed.

*J. C. Gillison,* for appellant.

1. Appellee voluntarily and of his own motion exposed himself to risks outside the scope of his regular employment without the order of the master or vice principal and can not recover. 26 Cyc. 1224; 90 Ark. 473.

2. He assumed the risk, as he knew the cog was there and was dangerous. 91 Ark. 102; 76 *Id.* 436; 95 *Id.* 560.

3. If appellee was injured by a fellow servant he can not recover, since the master or employers are in-

dividual members of a partnership and not a corporation. 95 Ark. 560.

*Harry E. Cook*, for appellee.

1.   A servant does not assume the risk of negligence of the master. 87 Ark. 498; 90 *Id.* 223. See also 93 *Id.* 564; 103 *Id.* 618; 88 *Id.* 28; 129 *Id.* 95.

2.   It was the duty of the master to provide a safe place to work. Appellant nowhere shows that a proper inspection was made or ordered. 129 *Id.* 95; 106 *Id.* 138. Every question here presented by appellant was properly submitted to the jury and the appellant is bound. 129 Ark. 95; 132 *Id.* 381; 115 *Id.* 272; 133 *Id.* 206; 135 *Id.* 480. The issues of negligence, contributory negligence, assumed risk and the duty of master and servant were all submitted to the jury by proper instructions and the verdict is final and conclusive. Cases *supra*.

HART, J. (after stating the facts). One of the grounds of negligence alleged in the complaint is, that the injury to the plaintiff was caused by the negligence of the off-bearer in throwing a slab so that it would fall upon the one that the plaintiff was holding and thereby caused his hand to fall in the hole where it would be injured by the cog.

The evidence shows that the defendants were partners. Therefore they do not come within the terms of the statute which provides that the master shall be liable for injuries caused by the negligence of fellow-servants. This act applies only to corporations employing servants. *Graham* v. *Thrall*, 95 Ark. 560.

Counsel for plaintiff contends, however, that the defendants were negligent in not having a cover over the cog and that, inasmuch as, according to plaintiff's own testimony, it was a part of his duty to help keep the live rolls clear of slabs as it passed the edger machine, the defendant would be liable. Here, however, the plaintiff is met by the doctrine of assumption of risk. According to his own testimony, he had been an edger for nine or ten

years and was an expert in that line of work. According to the undisputed evidence, if there had ever been a cover over the cog, it had been off for some time, and the plaintiff knew such to be the fact. The plaintiff also knew the dangers of working near the exposed cog and therefore assumed the risk in working there. . We think that under the plaintiff's own testimony he assumed the risk of getting his fingers caught in the cog and that the defendants therefore were not liable in damages to him for the injury.

In *Graham* v. *Thrall,* 95 Ark. 560, the court reiterated the well known rule that a servant assumes all obvious risks of the work in which he is employed, including the risk of injury from the manner in which he sees that the work is being done. The court further held that where a servant knows the place where he is required to work and the methods which are employed by the master in accomplishing the work, and continues in the employment without complaint, he assumes the risks which may result therefrom. In that case the plaintiff was working for a partnership, and on the day of the injury he was helping a crew of men to raise and adjust some piping which was necessary for the equipment of the boilers. The piping was carried to the boilers by a number of laborers placing hand-sticks thereunder. One of the members of the crew was moving a chain along the girder above the boilers from one end to the other in order to use the chain in raising the piping. The plaintiff in that case started to pick up his hand-stick as another laborer moved the chain along the girder. While the plaintiff in the case was picking up his hand-stick, the chain fell from the girder on his hand and injured it. The court held that he assumed the risk and could not recover. The principle there announced controls here.

It follows that the judgment must be reversed, and, inasmuch as the case may not have been fully developed in regard to the negligence of the defendants in leaving uncovered or unguarded the cog, the case will be remanded for a new trial.