JAMES B. SPRADLIN *v.* REX KLUMP ET AL

5-4577                                         427 S. W. 2d 542

Opinion delivered May 13, 1968
[Rehearing denied June 3, 1968.]

*Richard W. Hobbs,* for appellant.

*Wooton, Land & Matthews,* for appellees.

GEORGE ROSE SMITH, Justice. This is an action by the appellant against his former employers, the appellees, for damages for the loss of his right hand and forearm in an accident not covered by the workmen's compensation law. The trial judge directed a verdict for the defendants at the close of the plaintiff's proof. We have concluded that the appellees are right in their contention that Spradlin's asserted cause of action is barred by the doctrine of assumption of risk.

The appellees, Klump and Raceland Farms, Inc., were engaged in raising and training thoroughbred race horses on a farm near Hot Springs. They also raised beef cattle and conducted general farming operations. At the time of his injury in 1965 Spradlin had been employed for several months as general manager of the farm, except that he had nothing to do with the race horses.

When Spradlin was hurt he was operating a hay baling machine by himself. The testimony and photographs describe the hay-baling process. The operator rides a tractor which pulls the baler through a field where the hay has already been cut. The baler itself is run by power drawn from the tractor by means of a power-takeoff. In operation the baler picks up loose hay and carries it by a conveyor belt to a pair of rollers, somewhat larger than, but essentially similar to, a clothes wringer. The hay, after passing through the rollers, is compressed into a cylindrical bale, tied with twine, and dropped to the ground.

When Spradlin was hurt he had been baling hay for an hour or more. He stopped the tractor and went back to try to adjust the baling machine, which was turning out poorly tied bales that were conical rather than cylindrical. Spradlin unwisely left both the tractor engine and the power-takeoff running, so that the baling machine's rollers continued to turn while he tried to correct its performance. Unfortunately Spradlin put the fingers of his right hand too close to the rollers, which drew his lower arm into the machine and inflicted injuries that led to the amputation of the arm just below the elbow.

Assumption of risk is a harsh doctrine, not favored by the courts, but we are nevertheless unable to say conscientiously that it does not govern this case. Spradlin, a mature man of about 36, had had 20 years experience in farming and in the use of farm machinery. As manager of the farm he worked without supervision. His proof charged his employers with negligence in failing to instruct him adequately in the operation of this particular kind of baling machine and in failing to equip the machine with safety shields. Even so, the danger presented by the moving rollers was completely open and obvious. Spradlin readily admitted on cross examination that he fully appreciated the peril involved in letting his hand get too close to the moving parts of

the baler. In cases which we cannot distinguish in principle from this one we have held upon similar facts that the injured employee must be charged with assumption of risk as a matter of law. *Standard Oil Co. of Louisiana* v. *Gray*, 175 Ark. 702, 300 S. W. 405 (1927); *Jones* v. *Mayberry*, 143 Ark. 390, 220 S. W. 479 (1920); *Fullerton* v. *Henry Wrape Co.*, 105 Ark. 434, 151 S. W. 1005 (1912). We are forced to conclude that the trial court did not err in directing a verdict for the appellees.

Affirmed.