DAVID BONE v. CAPITAL WELDING SUPPLY COMPANY

5-4645                                                  431 S.W. 2d 752

Opinion delivered September 23, 1968

216

*J. Harrod Berry* for appellant.

*Wright, Lindsey & Jennings* for appellee.

Geoege Rose Smith, Justice.    In 1962 the appellant, then seventeen years old, suffered the loss of his right index finger while operating a welding machine at Mountain Home.    He brought this action against the appellee, Capital Welding Supply Company, upon the theory that the company had negligently failed to repair a defect in the welding machine, with the result that the plaintiff was injured.    The plaintiff was the only witness who testified at the trial.    At the conclusion of that testimony and before the plaintiff had rested his case the trial court directed a verdict for the defendant, on the ground that the plaintiff had assumed the risk of the defect that caused his injury.    The correctness of that ruling is the main issue on appeal.

During the week preceding his injury the plaintiff, David Bone, had been working for his uncle at Malvern. They were using a portable gasoline-powered welder. The gasoline engine ordinarily idled at a slow speed, but when the operator began the welding process the engine was supposed to accelerate to a speed sufficient to provide the electric current needed for welding metal. At Malvern, however, it was found that the engine did not always automatically "rev" up to high speed. The operator could accelerate the engine by shaking a rod that was located within a few inches of a metal fan.

On the weekend after the completion of the Malvern job David's uncle left the welding machine at the appellee's shop in Little Rock for the necessary repairs. On Monday David and his uncle picked up the machine and drove to Mountain Home to work on another job. They discovered that the machine was still not working properly, but the elder Bone was unwilling to take the time to return the equipment to Little Rock. On Thursday, while David was attempting to accelerate the engine manually, his hand in some way came in contact with the fan, which severed his finger.

We think the trial court erred in directing a verdict, especially in view of the fact that the plaintiff had not yet completed his proof. Counsel for the appellee rely upon our holding in *Spradlin* v. *Klump*, 244 Ark. 841, 427 S.W. 2d 542 (1968), but there are two significant differences between the cases. There the plaintiff was a mature experienced workman; here David was an inexperienced boy. There Spradlin fully appreciated the risks that he was taking; here David's testimony, construed most favorably to him, would have justified the jury in finding that owing to his inexperience he thought that the particular method by which he tried to accelerate the machine involved no danger to him. In fact, he stated that he would not have done what he did if he had thought that there was any possibility of getting his hand into the fan. Under such decisions as *Everton Silica Sand Co.* v. *Hicks,* 197 Ark. 980, 125 S.W. 2d 793 (1939), there was an issue of fact for the jury.

A subordinate issue involves the use of David's discovery deposition. On cross-examination counsel for the defendant read a number of questions and answers from that deposition and elicited David's admission of their accuracy. On redirect examination the court refused to allow counsel for the plaintiff to clarify those answers by referring to other parts of the deposition. In fairness to the plaintiff the proposed clarification should have been permitted. As we construe the statute, the defendant in effect offered part of the deposi-

tion in evidence, thereby entitling the plaintiff to bring in other relevant excerpts that were admissible under the rules of evidence. Ark. Stat. Ann. §28-348 (d) and (d,4) (Repl. 1962).

Reversed.