**Frank HARRIS, Appellant,**

v.

**HERCULES, INCORPORATED, Appellee.**

**No. 71–1370.**

United States Court of Appeals, Eighth Circuit.

Feb. 9, 1972.

---

Charles A. Brown, Little Rock, Ark., Patten & Brown, by Gerland P. Patten, Little Rock, Ark., for appellant.

Alston Jennings, Little Rock, Ark., for appellee.

Before VAN OOSTERHOUT and ROSS, Circuit Judges, and WEBSTER, District Judge.

PER CURIAM.

This is an appeal in a diversity suit from an order denying motions of Frank Harris to set aside a jury verdict and enter judgment in his favor, or in the alternative to grant him a new trial; and from a final judgment dismissing the complaint against Hercules, Incorporated. For reasons stated below and upon the basis of the district court's opinion, we affirm the decision of the district court.

The facts of this case are fully discussed at 328 F.Supp. 360, 361–362 (E. D.Ark.1971), and we will not set them forth in detail in this opinion. This ac-

tion was filed by Harris for injuries he received after the crane with which he was working came into contact with uninsulated, high voltage power lines. Harris knew that the power lines were present and that they had not been de-energized. The principal controversy stems from the trial court's submission of Interrogatory No. 4 to the jury which answered it by finding that Frank Harris had assumed the risk of his injury.[1]

■■■ On this appeal, Harris claims that the issue of assumption of risk should not have been submitted to the jury because there was no proof that Harris knew the boom of the crane was so close to the power line to constitute an existing danger to his safety; that, if Harris didn't actually know the boom was close enough to constitute an existing danger to his safety but should have known that the crane could have been placed in such a position, his actions might have constituted contributory negligence but not assumption of risk; that Harris did not assume a risk created by the negligence of the crane operator; and that there was no implied consent by Harris to work in the face of a known danger. In other words, Harris claims that, although he knew that the energized power line was present and that it would be dangerous to allow the crane to come in contact with it, he could not be held to have assumed the risk unless he knew the crane was close enough to the power line to constitute an immediate danger.

The Arkansas Supreme Court recently held that " '[t]he doctrine of assumption of risk in an action between persons not master and servant * * * is confined to cases where the plaintiff not only knew and appreciated the danger, but voluntarily put himself in the way of it.' " Woodruff Electric Cooperative Corp. v. Daniel, 472 S.W.2d 919, 923 (1971). In this case, the evidence was sufficient to permit the jury to find

1. Interrogatory No. 4 provides as follows: "Do you find from a preponderance of the evidence that there was assumption of risk on the part of Frank Harris, as that term has been defined to you? Answer 'yes' or 'no'. Answer: Yes. Signed: Glen W. Buchanan, Foreman."

that Harris knew and appreciated that the high voltage line was in the area in which the crane was working and that it was dangerous to allow the crane to come into contact with it. He did not object to working under these conditions. The trial court properly instructed the jury concerning the elements of assumption of risk[2] and the jury found that he had assumed the risk. It would be an undue limitation on the assumption of risk doctrine to hold as a matter of law that Harris not only had to know and appreciate that a potential risk was present, but also had to know that the crane had been moved so close to the line that the potential risk had become an immediate and imminent danger.

Harris also claims that under recent Arkansas decisions the doctrine of assumption of risk has been modified by the passage of the comparative negligence law. This assertion is fully answered in the trial court's opinion. In the recent case of Woodruff Electric Cooperative Corp. v. Daniel, *supra*, which also involved a question of contributory negligence, the Supreme Court of Arkansas held that "[t]he doctrine of assumption of risk is applicable in cases of ordinary negligence and is not limited to master-servant relationship." The court further held that the "defense of assumption of risk was a submissible issue to the jury." *Id.* at 923, 924.

In reviewing Harris' assertion that the Arkansas doctrine of assumption of risk has been modified, this Court is mindful that our function in a diversity case is to determine what the applicable state law is, not what it should be. In so doing, we respect the "considered opinion of a district judge as to state law" and will not upset the same "unless it is shown that the district court misconceived or misapplied state law." Christensen v. Osakis Silo Company, 424 F.2d 1301, 1302 (8th Cir. 1970), and cases cited therein. In addition, where no controlling cases can be found, "we give great weight to the views of an able and experienced trial judge upon doubtful questions of local law." Anthony v. Louisiana & Arkansas Ry. Co., 316 F.2d 858, 863 (8th Cir.), cert. denied, 375 U.S. 830, 84 S.Ct. 74, 11 L.Ed.2d 61 (1963). In determining whether the district court misconceived or misapplied state law, our duty is limited to determining "whether or not the District Court in its findings made permissible interpretations of the applicable state law." Greif Bros. Cooperage Corp. v. United States Gypsum Co., 341 F.2d 167, 171 (8th Cir. 1965), and cases cited therein. We will not reverse "a determination on the part of a federal district judge of the local law of his state unless we have a firm conviction that it is clearly erroneous." Hogue v. Pellerin Laundry Machinery Sales Company, 353 F.2d 772, 776 (8th Cir. 1965). Since the trial court's interpretation is permissible and not clearly erroneous, its interpretation must be sustained. This conclusion is strengthened by Rhoads v. Service Machine Company, 329 F.Supp. 367, 371 n. 2 (E.D.Ark.1971) where Chief Judge Henley said:

"The Arkansas comparative negligence statute . . . did not abol-

---

2. That instruction is as follows:

"Hercules Incorporated contends that Frank Harris assumed the risk of his own injuries and damages. To establish that defense Hercules Incorporated has the burden of proving each of the following propositions:

"First: That a dangerous situation existed which was inconsistent with the safety of Frank Harris;

"Second: That Frank Harris knew the dangerous situation existed and appreciated the danger;

"Third: That Frank Harris voluntarily exposed himself to the dangerous situation which proximately caused his injuries and damages.

"If you find that all of these propositions have been proved by a preponderance of the evidence, then your verdict should be for Hercules Incorporated.

"If, on the other hand, you find that any one of these propositions has not been proved by a preponderance of the evidence, the defense of assumption of risk would fail.

"However, the Court tells you that Frank Harris had the right to assume that Hercules Incorporated would furnish him a reasonably safe place to work."

ish the common law defense of assumption of risk, and it is now established in Arkansas that in most tort situations assumption of risk, if established, is a complete defense to an injured person's claim for damages."

The judgment of the district court is therefore affirmed.