WALTER McDONALD ET AL *v.* JERRY W. HICKMAN

5-5861                                        478 S.W. 2d 753

Opinion delivered April 10, 1972

*Daggett & Daggett* and *John D. Eldridge,* for appellants.

*Knox Kinney,* for appellee.

George Rose Smith, Justice. This is an action for personal injuries sustained by the appellee, Jerry W. Hickman, when he fell into an unguarded open stairwell in a house that was being constructed for one of the appellants, Walter McDonald (or MacDonald). The other appellant, also a defendant below, is Gerald Rooks, who was McDonald's chief carpenter. The jury returned a verdict for the plaintiff, fixing his total damages at $17,500 and apportioning the negligence in the ratio of 25% to the plaintiff and 75% to the defendants. For reversal the appellants contend that they were entitled to a directed verdict, on the ground that Hickman's negligence exceeded their negligence as a matter of law, and, alternatively, that the court erred in not submitting to the jury their asserted defense of assumption or risk. We find no merit in either contention.

First: Comparative negligence. On the day of the accident Hickman, an employee of a rural electric co-operative company, had gone to the unfinished house to determine what kind of circuit breakers would be needed. Rooks escorted Hickman and another co-op employee into the house. While Hickman was standing in a somewhat dark windowless hall, examining the electrical panel, he stepped to his left and fell eight or nine feet to the concrete basement. He actually fell through a four-by-eighteen-foot opening in the upper floor, where a staircase was to be installed later. The opening was unprotected. Hickman testified that Rooks later said that he should have told Hickman about the hole being there.

The court was right in refusing to direct a verdict for the defendants. The jury could well have concluded that the open hole in the dimly lighted hallway was in the nature of a concealed hazard about which Hickman should have been warned. It is not our province to compare the negligence of the litigants when fair-minded men might reach different conclusions in the matter. *Willingham v. Southern Rendering Co.,* 239 Ark. 858, 394 S.W. 2d 726 (1965); *Wood v. Combs,* 237 Ark. 738, 375 S.W. 2d 800 (1964). Here we are firmly of the opinion that the trial judge properly left to the jury the apportionment of the total negligence in the case.

Secondly: Assumption of risk. Hickman testified that he was aware that there was danger in any construction job. Although he had not been in an unfinished house that had a basement, he had seen holes in floors, as for floor furnaces. On the day of the accident he probably had a flashlight in his truck, but he did not go back to get it when he found the hallway to be poorly lighted. Upon the foregoing proof the defendants requested the court to submit to the jury the issue of assumption or risk.

That request was properly refused. Assumption of risk, a harsh doctrine, depends upon actual knowledge and appreciation of the danger. As Prosser puts it: " 'Knowledge of the risk is the watchword of assumption of risk' Under ordinary circumstances the plaintiff will not be taken to assume any risk of either activities or conditions of which he is ignorant. Furthermore, he must not only know of the facts which create the danger, but he must comprehend and appreciate the danger itself." Prosser on Torts, § 68 (4th ed., 1971). See also the Restatement of Torts (2d), § 496 D (1965), where it is stated: "The standard to be applied is a subjective one, of what the particular plaintiff in fact sees, knows, understands and appreciates. In this it differs from the objective standard which is applied to contributory negligence."

In the case at bar there is no proof that Hickman actually knew that he was standing near a dangerous opening in the unfinished floor. Absent such knowledge, his conduct was to be tested by the standard of negligence rather than by the rule of assumed risk. Inasmuch as the court properly submitted to the jury the question of comparative negligence, the appellants have no basis for complaint.

Affirmed.