Mr. and Mrs. Rufus E. CAPPS *v.*
McCARLEY AND COMPANY

76-138                                      544 S.W. 2d 850

Opinion delivered December 20, 1976
(In Banc)
[Rehearing denied January 31, 1977.]

*Rubens, Rubens & Raney,* by: *Kent J. Rubens,* for appellants.

*Reid, Burge & Prevallet,* for appellee.

FRANK HOLT, Justice. This is an action to recover damages for the physical injuries sustained by the appellant, Mrs. Capps, when she slipped and fell on a wet spot in her garage. Appellants alleged that the accident was caused by the appellee contractor's negligence in failing to provide adequate drainage in the construction of the driveway of appellants' home and in failing to correct the alleged defect

after notice was given to it. At the close of appellants' proof, the trial court granted appellee's motion for a directed verdict. Appellants contend that the trial court erred in finding that, as a matter of law, there was an assumption of risk by Mrs. Capps.

Assumption of risk bars recovery whenever it is shown, as a matter of law, that a dangerous situation existed which was inconsistent with the safety of the plaintiff; that the plaintiff knew the dangerous situation existed and realized the risk of injury from it; and that the plaintiff voluntarily exposed himself to the dangerous situation which proximately caused his claimed injuries. *Spradlin* v. *Klump et al,* 244 Ark. 841, 427 S.W. 2d 542 (1968); *McDonald* v. *Hickman,* 252 Ark. 300, 478 S.W. 2d 753 (1972); *Price* v. *Daughterty,* 253 Ark. 421, 486 S.W. 2d 528 (1972); and AMI Civil 2d § 612.

The primary thrust of appellants' argument is that the testimony of Mrs. Capps clearly shows there was no voluntary assumption of risk. During the three months the appellants had occupied their new home, they had noticed on several occasions that water collected in the garage following a rainfall. This was caused by a half inch "crown" in the driveway during its construction. The "crown" diverted water into the garage. Appellee was made aware of this defect and had not corrected it at the time of the accident. Mrs. Capps worked during the daytime and regularly returned home at lunchtime to tend to the needs of her mother who was bedfast as a result of a broken hip. On the day Mrs. Capps fell, it rained just before lunchtime resulting in the collection of water in the garage. There were three entrances into her house. The entrances, other than from the garage, were locked from the inside. Mrs. Capps testified that she used the garage door entrance because she "had no other choice but to go through the water." However, she walked "very carefully" to avoid a mishap since she recognized that it was "dangerous" to walk through the water.

In *McDonald* v. *Hickman, supra,* we quoted with approval:

As Prosser puts it: 'Knowledge of the risk is the watchword of assumption of risk.' Under ordinary cir-

cumstances the plaintiff will not be taken to assume any risk of either activities or conditions of which he is ignorant. Furthermore, he must not only know of the facts which create the danger, but he must comprehend and appreciate the danger itself. Prosser on Torts, § 68 (4th ed., 1971). See also Restatement of Torts (2d), § 496 D (1965) . . . .

In *Price* v. *Daugherty, supra,* we said:

Assumption of risk occurs only when the injured person actually knows and appreciates the danger. The standard is a subjective one, being based upon what the particular person in fact sees, knows, understands, and appreciates.

Here the defective condition was completely open and obvious. Mrs. Capps readily admitted on cross-examination that she saw, knew, and understood the hazardous condition and appreciated it to the extent that she felt it was necessary to walk "very carefully" in the area. This was not an emergency situation since Mrs. Capps regularly came home at lunchtime to tend to the needs of her mother. In the circumstances, although we view the evidence most favorable to appellants, as we do on appeal from a directed verdict, we must hold that the court correctly held that the appellants' action is barred by Mrs. Capps' assumption of the risk. See *Spradlin* v. *Klump, et al, supra.*

Appellants' final contention for reversal is that the trial court erred in admitting an offer and acceptance agreement between the parties, because provision 9 of the agreement contains language which excludes certain warranties. This contention is without merit since it clearly appears from the record that the exhibit was not considered by the court in directing a verdict on the grounds of assumption of risk.

Affirmed.

Roy, J., dissents.

ELSIJANE T. ROY, Justice, dissenting. I respectfully dis-

agree with the majority opinion because Mrs. Capps presented substantial evidence to go to the jury on the question of whether she voluntarily assumed the risk of her injuries.

A voluntary act is one done without compulsion or obligation. The doctrine of assumption of risk can only be applied in cases where the person may reasonably elect whether he shall expose himself to the danger.

In *Kuykendall* v. *Newgent,* 255 Ark. 945, 504 S.W. 2d 344 (1974), appellee was employed as a deliveryman. He carried meat to his employer's customers. While carrying a box weighing from 80 to 100 pounds he slipped and fell on an accumulation of ice at the delivery entrance. Both the trial court and this Court refused to hold that the appellee had assumed the risk as a matter of law.

Newgent admitted he knew it was dangerous to walk across the ice and stated he was being as careful as possible. When asked on cross-examination why it was his decision to walk across the icy spot, he replied "the only decision I had to make was to keep my job." The Court on this issue stated:

> * * * While Newgent may have been guilty of some negligence, we cannot say as a matter of law that such negligence exceeded that of appellants. Such issues are ordinarily a question of fact for the jury. (Citation omitted.)

See also *Woodruff Electric Co-op. Corp.* v. *Daniel,* 251 Ark. 468, 472 S.W. 2d 919 (1971).

Newgent felt it was necessary to cross the icy spot because his job demanded it. In the case at bar certainly no less impelling was the need for the daughter (appellant) to render necessary assistance to her mother who, according to appellant's testimony, "had a broken hip and the ball and socket had deteriorated after the surgery." Mrs. Capps stated her mother was bedfast, had no one with her and appellant had to come home at noon each day to assist with her bodily needs and "to give her medication" and "to take her food."

She then stated, "I had no other choice but to go through the water." She was compelled by duty and obligation to take this course of action.

Neither can I agree with the statement of the majority that this was not an emergency. One definition of emergency is a "pressing need." Certainly there was a continuing "pressing need" for the daughter to reach her mother at noon time and take care of her.

Prosser, Torts 4th Ed. § 68 (1971) (Voluntary Assumption of Risk) states:

The second important limitation upon the defense of assumption of risk is that the plaintiff is not barred from recovery unless his choice is a free and voluntary one. There must first of all, of course, be some manifestation of consent to relieve the defendant of the obligation of reasonable conduct. It is not every deliberate encountering of a known danger which is reasonably to be interpreted as evidence of such consent.* * *

. . . [T]he risk will not be taken to be assumed if it appears from his words, or from the facts of the situation, that he does not in fact consent to relieve the defendant of the obligation to protect him. * * *

There is absolutely nothing in the record to indicate appellants intended to relieve McCarley and Company from the admitted responsibility of repairing the defect in the driveway which caused the accumulation of water when it rained. To the contrary, appellants had made several demands for corrective action and each time appellee had promised to remedy the situation.

* * * In general, *the plaintiff is not required to surrender a valuable legal right, such as the use of his own property as he sees fit,* merely because the defendant's conduct has threatened him with harm if the right is exercised. He is not, for example, required to forego pasturing his cattle in a field because the defendant has failed in its duty to fence its adjoining railway track. By placing him in the

844

dilemma, *the defendant has deprived him of his freedom of choice, and so cannot be heard to say that he has voluntarily assumed the risk.* * * * (Italics supplied.)

Prosser, Torts, *supra.*

On appeal from a directed verdict the reviewing court must view the evidence in the light most favorable to the appellant, regardless of credibility, in determining if a question of fact exists for a jury's consideration. *Gramling* v. *Baltz et al,* 253 Ark. 352, 485 S.W. 2d 183 (1972).

For the foregoing reasons, I would reverse and remand the case for a new trial.