Curtis W. ROGERS *v.* Odell A. KELLY

84-164                                    679 S.W.2d 184

Supreme Court of Arkansas
Opinion delivered November 13, 1984
[Rehearing denied December 17, 1984.]

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellant.

*Boswell, Smith & Clardy*, by: *Ted Boswell*, for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Curtis W. Rogers, brought this suit to recover for personal injuries

suffered in downtown El Dorado while he was attempting to cross Main Street on foot in the middle of the block. Rogers was struck on the side of his face by the lefthand side-mirror on the defendant's pickup truck, which had approached from the plaintiff's right. The jury returned a general verdict for the defendant.

For reversal it is argued that the court should not have given an instruction on assumption of risk and should have given an instruction defining the defendant's duty if he should have seen danger ahead. We agree with the appellant on the first point and remand the case for a new trial.

Just before the accident the plaintiff's wife was driving him to the post office on Main Street, to mail a letter. They stopped as about the fourth car in a line of traffic waiting for a red light ahead of them at Main and Jackson. Since they were opposite the post office, Rogers got out of the car, walked around in front of it, and started to cross the other lane to the post office. He testified that at about the center line he stopped, looked to his right and saw the red light, and looked to his left, seeing nobody coming. As he was "beginning to look back to the right" he saw the mirror about to hit him. He put his hands on the truck to push himself back, but the mirror struck his face. A photograph taken from the rear of the truck shows that the mirror extended apparently less than a foot from the body of the truck.

The defendant Kelly testified that he had been waiting on Jackson Street for the light to change to green for him. When it did he started forward and turned to his right, toward the post office. He said he was looking straight ahead but did not see Rogers until Rogers' hands were in contact with the hood of the truck. When Kelly brought his truck to a stop it was eight to ten feet past where Rogers had fallen to the pavement. There is no indication that Kelly was not driving quite slowly when the accident took place.

The case was submitted to the jury on the basic comparative negligence instruction. AMCI Civil 2d, 2102 (1974). The court did not give AMI 2115, on comparative

fault. It did, however, give the revised AMI instruction on assumption of risk, AMI 612, as set out in the 1982 pocket part. That instruction told the jury that the defendant had the burden of proving the "defense" of assumption of risk, elements of which were that the plaintiff knew that a dangerous situation existed and voluntarily exposed himself to it.

The instruction should not have been given. It is argued by the appellee that the instruction was proper, because Rogers admitted he knew it was dangerous to cross Main Street in the middle of the block. Such a knowledge of general danger is not sufficient; one assumes the risk only of known specific perils. Prosser & Keaton on Torts gives a comparable situation as an illustration:

> It is not true that in any case where the plaintiff voluntarily encounters a known danger he necessarily consents to any future negligence of the defendant. A pedestrian who walks across the street in the middle of a block, through a stream of traffic traveling at excessive speed, cannot by any stretch of the imagination be found to consent that the drivers shall not use due care to watch for him and avoid running him down. On the contrary, he is insisting that they shall.

Prosser & Keaton, Torts, p. 485 (5th ed., 1984). Our own law is to the same effect. *McDonald* v. *Hickman,* 252 Ark. 300, 478 S.W.2d 753 (1972). There the plaintiff admitted knowing that it is dangerous to enter a house while it is under construction, but he was not aware of an open stair well into which he fell. We upheld the trial court's refusal to instruct on assumed risk, because the plaintiff did not know of the danger presented by the stair well.

We caution the bench and bar that AMI 612 should be used only in exceptional circumstances, if indeed it is ever proper now that assumption of risk is not a complete defense. The instruction refers to assumption of risk as "that defense" without explaining that it is not in fact a defense. We fear that in most situations AMI 612 would suggest to the jury, as does an unavoidable accident instruction, that

assumption of risk is an issue to be considered separately, in addition to the plaintiff's negligence. See *Houston* v. *Adams*, 239 Ark. 346, 389 S.W.2d 872 (1965). Prosser & Keaton, *supra*, examines the matter at length in Section 68, noting at page 498 that most courts considering the matter have held that when a comparative fault statute is controlling, an instruction on assumption of risk should not be given. See, for example, *Meese* v. *Brigham Young Univ.*, 639 P.2d 720 (Utah 1981); *Polsky* v. *Levine*, 73 Wis.2d 547, 243 N.W.2d 503 (1976).

The appellant's second argument is that the court, in giving AMI 901, should have included the bracketed matter in subparagraph (B), telling the jury that if danger ahead would have been reasonably apparent to Kelly if he had been keeping a proper lookout, it was his duty to have his vehicle under such control as to be able to check its speed or stop if necessary to avoid injury to others. The court did give subsections (a) and (d) of Ark. Stat. Ann. § 75-628 (Repl. 1979), in the format of AMI 903, telling the jury that it is the duty of a pedestrian crossing at a point other than a crosswalk to yield the right-of-way to vehicles but that it is nevertheless a driver's duty to exercise reasonable care to avoid colliding with a pedestrian.

There was no error. Both parties were doubtless guilty of some negligence, in that neither saw the other until about the moment of impact. According to the testimony most favorable to Rogers, if Kelly had been keeping a lookout he would have seen a pedestrian standing stock-still inside a line of cars and looking in both directions before deciding to continue across Main Street. The court had told the jury by AMI 901 (A) that it was Kelly's duty to keep a lookout for persons on the street and by the statute that it was also his duty to exercise due care with respect to pedestrians. We do not think the court was required to go still farther by imposing an affirmative duty on Kelly to be in a position to stop merely because he saw a pedestrian standing in a position of apparent safety near the center of the street.

Reversed and remanded.

HUBBELL, C.J., and HICKMAN and PURTLE, JJ., dissent.

WEBB HUBBELL, Chief Justice, dissenting. The majority finds that there was no substantial evidence to support the trial court's giving of the assumption of the risk instruction, AMI 612. I respectfully disagree. Rogers testified that he knew that crossing in the middle of the street was dangerous and unsafe. The majority asserts that knowledge of a general danger is not sufficient, that one assumes the risk only of known specific perils. What could be more specific? If you jaywalk across a dangerous and busy street, you are likely to get run over or clipped. We warn our children of this specific risk. The danger was open and obvious, and the trial court did not abuse its discretion in giving the instruction. *Baxter v. Grobmyer Brothers Construction Co.*, 275 Ark. 400, 631 S.W.2d 265 (1982).

What is really troubling the majority is the use of the word "defense" in AMI 612, in conjunction with the basic comparative negligence instruction — AMI 2102. However, appellant did not make a specific objection to the word "defense" in AMI 612; nor did he object to the use of AMI 2102, as opposed to AMI 2115. Ark. R. Civ. P. 51.

I would affirm.

HICKMAN and PURTLE, JJ., join in this dissent.