Jerry M. WHITE, Kevin Hamilton, Jay McCuien, and Q.D. Whitaker *v.* Ronnie J. BREWER

88-7                                                    750 S.W.2d 956

Supreme Court of Arkansas
Opinion delivered June 6, 1988

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, for appellant.

*Howell, Price, Trice, Basham & Hope, P.A.*, for appellee Ronnie J. Brewer.

*Walter A. Murray Law Firm*, for intervenor Rockwood Insurance Company.

JOHN I. PURTLE, Justice. This is an appeal from judgments on two jury verdicts in the circuit court. The appellants' sole argument on appeal is that the trial court erred in instructing the jury in accordance with the bracketed second paragraph of AMI Civil 2d, 901(B). We hold that the trial court did not err in giving the instruction.

The occurrence in question took place near Alcoa Road and North Shore Drive in Saline County. Ronnie J. Brewer, Edgar

Burnell and the appellant, Jerry White, were each driving a fifteen-ton truck loaded with asphalt mix. W.L. Tumbleson was the legal owner of the truck that Brewer was driving, and the vehicle driven by White was owned by the other appellants.

Brewer was traveling south on a two-lane highway and met Burnell, who was northbound. The two drivers met at a point on the highway about 330 feet south of the crest of a hill. White, who was southbound, crested the hill and saw the two vehicles side by side, blocking both lanes of travel. The shoulders of the road, at that point, were not wide enough to accommodate a vehicle. White did not stop his truck and collided with the back of the vehicle driven by Brewer. The truck driven by Burnell was not damaged by the collision.

Brewer received personal injuries and the vehicle he was driving was severely damaged. Brewer and Tumbleson filed suit and upon trial the jury returned verdicts of $4,600.84 in favor of Brewer and $4,842.70 in favor of Tumbleson. At the close of the trial the court, over the timely objection of appellants, instructed the jury pursuant to AMI 901(B). The instruction included the bracketed portion of the second paragraph, except for the words in parentheses inside the bracketed portion of the instruction. This instruction is the basis of this appeal.

Burnell testified at the trial that when he and Brewer met on the highway they stopped to talk about the location of the construction site where the asphalt was to be delivered. He testified that: "I was occupying the northbound lane. The other driver [Brewer] was occupying the southbound lane. We were stopped. He had been talking. A third dump truck came over the hill." He identified the third truck as the one driven by White.

Appellant White stated: "Coming down the hill I probably was going a little faster than 35. . . . I came over the hill I saw two trucks down there. I didn't hit my brakes right off because I thought they were going to move. . . . They weren't rolling."

Although the above testimony was not undisputed it is sufficient to show that the instruction was proper under the facts of this case. There was other testimony both in accordance with, and contrary to, the testimony set out above.

The investigating officer, Larry Davis, testified that the point

of impact was approximately 400 feet from the crest of the hill. He stated on cross examination that the distance included 72 feet of travel after impact. Several other witnesses testified that the distance from the crest of the hill to the point of impact was about the distance of a standard city block. It is undisputed that there was no warning signal other than the vehicles stopped side by side, and that the vision of Jerry White was not obscured by other objects.

The court instructed the jury pursuant to AMI Civil 2d, 901(B) which reads:

> B. [Second] It is the duty of the driver of a motor vehicle to keep his vehicle under control. The control required is that which a reasonably careful driver would maintain under circumstances similar to those shown by the evidence in this case.
>
> [When the driver sees danger ahead, or it is reasonably apparent if he is keeping a proper lookout (or if he is warned of approaching imminent danger) then he is required to use ordinary care to have his vehicle under such control as to be able to check its speed or stop it, if necessary, to avoid damage to himself or others.]

However, only the words in the brackets are in dispute. That part of the bracketed sentence in parentheses was not given in the present case because there was no evidence that there was any warning of imminent danger (aside from the stopped vehicles). It is undisputed that White saw the vehicles blocking the road when he was about 400 feet away. Obviously he could have observed the vehicles when his line of direct vision was no longer obscured by the crest of the hill. The exact distance is not important because he took no immediate steps to stop his vehicle. White stated that he thought the vehicles would move out of the way. By the time it occurred to him that the vehicles were not going to move, he was unable to stop his vehicle before striking the truck driven by Brewer.

The comment by the AMI Committee in the *Arkansas Model Jury Instructions* is apparently interpreted by the appellants to require warning signs or signals to be present before the bracketed second paragraph may be given. This interpretation is

proper only as to that part of the second paragraph which is enclosed in parentheses. However, it obviously does not apply to the entire second paragraph because it commences with the words: "When the driver sees danger ahead, . . . ." Common sense indicates that "seeing" danger is more obvious than seeing a "warning" of what you are about to see.

Appellants' reliance on *Rogers* v. *Kelly*, 284 Ark. 50, 679 S.W.2d 184 (1984), is misplaced. In *Rogers* this court held that it was proper to refuse to give the bracketed words of AMI Civil 2d, 901(B) because the driver could have seen the pedestrian, whom he later struck with his vehicle, while the pedestrian was "standing stock-still inside a line of cars and looking in both directions before deciding to continue across Main Street." The pedestrian was seen by the driver of the car while "standing in a position of apparent safety . . . ."

In *East Texas Motor Freight Lines, Inc.* v. *Freeman*, 289 Ark. 539, 713 S.W.2d 456 (1986), we upheld the trial court's instruction to the jury which included the bracketed section of 901(B). In the *Freeman* case several vehicles collided in a patch of dense smoke along an interstate highway. Justification for giving the bracketed portion, including the words in parentheses, was based upon a driver being able to see the smoke some distance before entering the smoke, where the collision occurred.

However, in *Home Insurance Co.* v. *Harwell*, 263 Ark. 884, 568 S.W.2d 17 (1978), we upheld the trial court's refusal to instruct the jury in accordance with the bracketed portion of AMI 901(B). Harwell testified that the other driver involved in the accident backed across the highway in front of her without any signal or warning. The facts in *Harwell* were not in material dispute. The other driver did the unexpected act of backing into the path of Harwell's car without warning or signal. She did not see him until it was too late to avoid the collision.

A case factually similar to the present case is *Reed* v. *McGibboney*, 243 Ark. 789, 422 S.W.2d 115 (1967). In *Reed* the driver of an automobile crested a hill and observed a vehicle in front of him which had stopped to make a left turn. Two cars had stopped behind the car which was waiting to turn left, and a third car pulled to the right shoulder to avoid striking the stopped vehicles. Reed, unable to stop, veered to his left and collided with

a vehicle coming from the opposite direction. The trial judge instructed the jury pursuant to the bracketed portion of AMI 901(B), except for the words in parentheses. On appeal Reed argued that the words in parentheses should have been included in the instruction by the trial judge. We upheld the trial court's refusal to include the words in parentheses as part of the instruction to the jury.

The appellant also relies upon *Coca-Cola Bottling Co. of Blytheville* v. *Dowd*, 189 Ark. 986, 76 S.W.2d 87 (1934). In this case the driver of the Coca-Cola Bottling Company truck pulled onto the highway as another vehicle approached. The driver of the other vehicle collided with the truck and lost control of her car. The basis of the instruction by the trial court in this case was a "sudden emergency" rather than a warning of approaching imminent danger. See AMI Civil 2d, 614.

The appellant also refers to *Craighead* v. *Missouri Pac. Transp. Co.*, 195 F.2d 652 (8th Cir. 1963). *Craighead* was decided prior to the adoption of AMI, but factually supports the trial court's including the words which later became the bracketed portion of 901(B). *Craighead*, which cited *Dowd* with approval, approved the giving of an instruction similar to 901(B), including the second paragraph.

■■ No two cases are factually identical. Each must be considered upon its own facts when determining whether the second paragraph of the instruction should be given. In the present case White obviously saw the dangerous situation as soon as he could see over the hill. The facts in the present case clearly warranted the trial court instructing the jury in accordance with the second paragraph of AMI Civil 2d, 901(B).

Affirmed.

GLAZE, J., not participating.