Barbara BERRY *v.* Lucinda CHAPPLE

92-282                                                         832 S.W.2d 256

Supreme Court of Arkansas
Opinion delivered June 15, 1992

*Gary Eubanks & Associates*, by: *James Gerard Schulze* and *William Gregory Holt*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.,* by: *Jacob Sharp, Jr.* and *Brian Allen Brown,* for appellee.

DAVID NEWBERN, Justice. This is an automobile accident case in which the question is whether it was proper for the Trial Court to give the jury an instruction on sudden emergency, AMI 614, and refuse to give an instruction on keeping control of a vehicle when aware of danger ahead, AMI 901B. We hold the Court did not err in instructing the jury.

Barbara Berry, the appellant, was struck by a vehicle driven by the appellee, Lucinda Chapple. Ms. Berry was crossing Broadway at 14th Street in Little Rock. The accident took place at approximately 6:50 a.m. Ms. Chapple testified that it was relatively dark, the intersection was poorly lighted, the morning was rainy, there was steam or mist, and visibility was poor. Ms. Berry was dressed in a black raincoat and had an umbrella Ms. Chapple described as one that "come down."

Ms. Berry said she had no recollection of the accident but insisted, and presented witnesses to verify, that she would not have attempted to cross this intersection without having a walk signal.

Ms. Chapple testified she was driving at a normal rate of speed, 25 to 30 miles per hour, and had a green light at the intersection. She saw "this big dark figure," which turned out to be Ms. Berry, only a short time and distance (some six feet) before impact. She applied her brakes but was unable to avoid the collision.

Ms. Chapple requested AMI 614, the sudden emergency instruction, to which Ms. Berry objected on the ground that there was no evidence to support finding a sudden emergency. The objection was overruled. Ms. Berry then argued that the jury should also be given AMI 901 and instructed on the standard of care when a driver perceives a hazardous condition. Ms. Chapple objected that there was no evidence of any warning which would justify this instruction. The Court gave a modified version of 901 which did not include the language about perceived hazards. The jury returned a verdict in Ms. Chapple's favor.

Ms. Berry argues there was no basis for giving the sudden emergency instruction and the error was compounded by the

Court's failure to give the instruction which would require the defendant to use ordinary care to respond to an emergency situation if there actually was one.

The bracketed portion of AMI 901B. Ms. Berry sought to have used and the commentary following it are as follows:

> It is the duty of the driver of a motor vehicle to keep his vehicle under control. The control required is that which a reasonably careful driver would maintain under circumstances similar to those shown by the evidence in this case.
>
> [When the driver sees danger ahead, or it is reasonably apparent he is keeping a proper lookout (or if he is warned of approaching imminent danger) then he is required to use ordinary care to have his vehicle under such control as to be able to check its speed or stop it, if necessary, to avoid damage to himself or others.]

* * *

### NOTE ON USE—PARAGRAPH B

> The first paragraph will be used in virtually every case. The first and second paragraphs should be combined only when the evidence involves an imminent danger or threatened emergency. The clause in parentheses should be inserted only when warning signs or signals are involved or there is evidence of some other type of warning.

The last sentence regarding use of the section only where warning signs or signals are involved is based on *Reed* v. *McGibboney*, 243 Ark. 789, 422 S.W.2d 115 (1967), in which we approved refusal to give the instruction where an incident occurred when a vehicle attempted to pass on the left. We said that to hold otherwise would place the court in a position of saying that every motorist when passing a vehicle waiting to make a left turn is warned of approaching imminent danger.

■ Likewise, we cannot accept Ms. Berry's argument that the stop light regulating traffic at the intersection is a warning sign or signal requiring that the parenthetical part of the second paragraph be given. The light does not warn of danger, and we cannot be placed in the position of holding that every accident at an intersection equipped with a light regulating traffic is one in

which the second paragraph of AMI 901B. applies.

We held it was proper to give AMI 614 on sudden emergency as well as the second paragraph of AMI 901B. in *East Texas Motor Freight Lines, Inc.* v. *Freeman,* 289 Ark. 539, 713 S.W.2d 456 (1986). That case is illustrative of a situation where the parenthetical language of the second paragraph would not apply but in which danger appeared to the driver. We held it was proper to give the instruction because of evidence that oncoming drivers could see smoke crossing the highway some distance away. The sudden emergency instruction was proper with respect to the actions of the defendant drivers after they entered the smoke and realized it was so thick they could not see. *See also White* v. *Brewer,* 295 Ark. 666, 750 S.W.2d 956 (1988).

■ In *Rogers* v. *Kelly,* 284 Ark. 50, 679 S.W.2d 184 (1984), by way of an *obiter dictum,* we said the instruction was not required just because the defendant driver had "seen a pedestrian standing stock-still inside a line of cars and looking in both directions before deciding to" cross the street. The clear implication is that the instruction is for use only when the driver should perceive danger well in advance of the later sudden emergency. In the circumstances of this case, the instruction was not required.

■ Ms. Berry contends the sudden emergency instruction was misleading because she has not argued that Ms. Chapple acted unreasonably once the emergency was upon her. Her contention, rather, is that Ms. Chapple was negligent prior to seeing her in failure to keep a lookout and driving too fast for conditions. We have little doubt that Ms. Chapple was in fact confronted with a sudden emergency, and thus the instruction was justified. The giving of the instruction did not deprive Ms. Berry of presenting the case to the jury on negligence prior to the arising of the emergency.

Nor was it error to refuse the requested portion of AMI 901B. There was neither an event nor a signal in Ms. Chapple's path which would have justified a finding of the sort of danger contemplated by the language of the instruction.

Affirmed.

GLAZE, J., not participating.