RAMSEY *v.* AMERICAN AUTOMOBILE INS. Co.

5-2660                                      356 S. W. 2d 236

Opinion delivered April 16, 1962.

*Alonzo D. Camp,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by Lee Ramsey to recover damages for a broken hip that he sustained in an accident at a Salvation Army warehouse in Little Rock. As a charity the Salvation Army is not subject to an action in tort, but it carried liability insurance with the appellee. This is a direct action against the insurer, pursuant to Ark. Stats. 1947, § 66-3240. The trial court directed a verdict for the defendant, on the ground that the proof did not show any negligence on the part of the Salvation Army.

At the warehouse wastepaper is collected and compressed into large bales weighing more than 1,200 pounds each. For several years before the plaintiff was injured in 1958 a mechanical hoisting device had been used to lift the bales and stack them on edge, two bales high, along the west wall inside the building. When the bales were sold the power hoist was used to put them into the delivery truck.

On the day of the accident an order for several bales was received from a salvage dealer. The hoist had broken down the week before and had not been repaired. The Salvation Army foreman directed Martin, the truck driver, to use as many men as he needed to load the bales by hand.

The heavy bales were manageable when standing on edge but not when lying flat. Martin climbed up on the double stack with the intention of pushing off the needed bales, one by one, from the upper tier. It was expected that each bale would land on edge and stay in that position for at least a moment or so. The plaintiff stood by to the south with a cart that he meant to shove against each bale to steady it before it tipped over and fell flat. It was thought that the bales would fall eastward when they were pushed off, but the first one unexpectedly fell or bounced to the south, striking the cart held by Ramsey and causing the injury sued for.

Ramsey had been receiving his room and board and a few dollars a week from the Salvation Army. In his

complaint he first alleged that he was an employee of the charity. The insurer pleaded a clause in its policy excluding employees from coverage for injuries sustained in the course of their employment. The complaint was then amended to withdraw any assertion that Ramsey was a Salvation Army employee.

In this court Ramsey contends that the statute allowing a direct action against the insurer of a charity does not permit the parties to exclude employees from the coverage of the policy. It is accordingly argued that the exemption clause in this policy is void. From this premise the appellant goes on to contend that the jury might have found that Ramsey was an employee and that the failure to use the mechanical hoist on the day of the accident was a violation of the employer's duty to furnish a reasonably safe place to work.

We do not find in the statute any prohibition of the exclusionary clause. The act provides that when liability insurance is carried by a nonprofit organization "and any person . . . suffers injury . . . on account of the negligence or wrongful conduct of any such organization . . . then such person . . . shall have a direct cause of action against the insurer with which such liability insurance is carried to the extent of the amount or amounts provided for in the insurance policy as would ordinarily be paid under the terms of the policy, and such insurer shall be directly liable to such injured person . . . to the extent of such coverage in such liability insurance policy, and the plaintiff or plaintiffs may proceed directly against the insurer regardless of the fact that the actual tort-feasor may not be sued under the laws of the state." Ark. Stats., § 66-3240.

The appellant argues, in effect, that the statutory reference to "any person" who suffers an injury should be construed to comprehend every person in the world, without exception, so that the parties' attempt to exclude employees from the protection of the policy is contrary to the statute. We cannot discern in the language

of the act a legislative intention to require such a broad and inflexible coverage as the appellant seeks. The evident purposes of the statute are to encourage charities to carry liability insurance and to prevent the insurer from defending on the ground that a judgment has not first been obtained against the insured. But the act is not compulsory; a charitable organization is free to carry insurance or not, as it chooses. Hence the appellant is a gratuitous beneficiary of the policy and must accept its exclusions along with its beneficial coverage. Indeed, that is the manifest intent of the statute, for it provides that the injured person shall have a cause of action "to the extent of the amount or amounts provided for in the insurance policy" and that the insurer shall be directly liable "to the extent of such coverage in such liability insurance policy."

If the appellant was an employee the trial court was right in directing a verdict, because the policy did not protect employees. If, on the other hand, the appellant was not an employee the court's action was also correct, for no breach of any duty owed to Ramsey has been shown. Ramsey, if not an employee, was at most an invitee. "The occupier of land is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. . . . Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so apparent that he may reasonably be expected to discover them and be fully able to look out for himself." Prosser on Torts (2d Ed.), § 78.

The only charge of negligence argued by the appellant is that the loading operation should not have been undertaken until the power hoist had been repaired. The attempt to load the bales by hand might have strained the employees participating in the effort, but it was not inherently dangerous to bystanders. Consequently it cannot be said that the Salvation Army owed to its invitees any duty to perform the work by mechanical means. In

fact, that procedure would not have insured Ramsey's safety, since a bale might still have been dropped or dislodged, with the possibility of injury to him.

Affirmed.