RALPH M. KUYKENDALL ET AL v.
HARROL L. NEWGENT ET UX

73-175                                504 S.W. 2d 344

Opinion delivered January 28, 1974

*Davis, Plegge & Lowe,* for appellants.

*Thomas A. Glaze* and *William B. Blevins,* for appellees.

CONLEY BYRD, Justice. This is a case of slip and fall on ice and snow by a business invitee. From a judgment upon a jury verdict in favor of appellees Harrol L. Newgent and wife the appellants Ralph M. Kuykendall, Creston B. Fendley and J. D. Ashley, d/b/a Razorback Drive Inn No. 2 bring this appeal. For reversal they contend that the trial court should have directed a verdict in their favor because (1) Newgent assumed the risk; (2) there was no proof that appellants were guilty of any negligence; and (3) a landowner is not liable for open and obvious hazards due to natural accumulations of ice and snow. We find no merit in any contention.

The record shows that appellants keep their restaurant open 24 hours a day. There is a front entrance for the appellant's customers and a delivery entrance for supplies received. The delivery entrance has a slope of seven and three-quarters inches in a distance of four feet. The parking area adjacent to the delivery entrance is fairly level.

U. S. Climatological Data reflects snow and ice conditions on January 6th and 7th, 1973 with .4 inches of precipitation. The last measurable trace of precipitation of ice and snow was between 12:00 and 1:00 p.m. on January 6th.

Newgent testified that he was working for Brown Packing Company on January 7th. His duties as such employee required him to deliver meat to appellants which he did around 8:30 a.m. on January 7th. He drove the truck near the delivery entrance and carried in one box. The next box contained a hind quarter of beef weighing from 80 to 100 lbs. He placed this box on his shoulder and as he started in his feet slipped forward and the box fell on top of him. With reference to Newgent's knowledge of the conditions, the record shows:

"A. [Mr. Newgent] I started walking to the door, approaching the door, on the ice being as careful as

possible knowing the bad conditions and also ice on the steps and stepped onto the ice and snow and the box came down on top of me.

Q. [Mr. Davis] The part we're particularly interested in is that you said 'being as careful as possible knowing the bad conditions' and there's no question you say the conditions were bad?

A. Yes, sir, they were.

Q. You later told me that you felt there was approximately one inch of ice and snow all over the parking area in every part you could see in the—a picture similar to the ones we've introduced.

A. Yes, sir, it was covered with ice."

When asked on cross-examination if it was his decision to walk across the icy spot, he replied: "the only decision I had to make was to keep my job." On redirect he testified that when he fell, he did not know the delivery entrance had that much slope.

Newgent's lack of knowledge of the slope would certainly make a fact issue on the assumption of risk. That doctrine depends upon actual knowledge of the risk. See *McDonald* v. *Hickman,* 252 Ark. 300, 478 S.W. 2d 753 (1972). While Newgent may have been guilty of some negligence, we cannot say as a matter of law that such negligence exceeded that of appellants. Such issues are ordinarily a question of fact for the jury. See *McDonald* v. *Hickman, supra.*

The duties of owners and occupiers of land to business invitees usually end when the danger is either known or obvious to the invitee. However, most authorities; see Prosser on Torts, Invitee § 61 (4th ed. 1971); 2 Harper and James, The Law of Torts § 27.13 (1956), and Restatement of Torts 2d § 343A (1965); recognize that under some circumstances a possessor of land may owe a duty to the business invitee despite the knowledge of the latter. To the contrary see *Sidle* v. *Humphrey,* 13 Ohio St. 2d 45, 42 Ohio Ops. 2d 96, 233 N.E. 2d 589, 32 A.L.R. 3d 1

(1968). Prosser on Torts, supra, explains the landowner's duties under those exceptional circumstances in this language:

> ". . . In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or after lapse of time he may forget the existence of the condition, even though he has discovered it or been warned; or where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it. It is also true where the condition is one such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, and, because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it . . . "

Appellants here argue that since ice and snow in Arkansas are of an unexpected nature and short but hazardous duration we should not hold them liable as landowners for open and obvious hazards due to natural accumulations of ice and snow. We need not here determine whether a landowner would owe a duty to an invitee because of the accumulation of ice and snow on a parking lot nor whether the landowner would owe a duty to an invitee using an entrance way during such a storm or immediately thereafter, for the proof here shows that during the operation of a 24 hour business the accumulated ice and snow was permitted to remain upon a sloping entrance way for a period of some 18 to 20 hours. It would appear under those circumstances that the landowner should have anticipated that the dangerous condition would cause physical harm to one *required to use the entrance way* notwithstanding the known or obvious danger.

Affirmed.

HARRIS, C.J., and HOLT, J., not participating.