Donald BELLANCA *v.* ARKANSAS POWER
& LIGHT COMPANY

93-711                                                    870 S.W.2d 735

Supreme Court of Arkansas
Opinion delivered February 21, 1994

*Swindoll Law Firm*, by: *James F. Swindoll* and *Paul Byrd*, for appellant.

*Chisenhall, Nestrud & Julian P.A.*, by: *Jim L. Julian* and *Janie W. McFarlin*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Donald Bellanca, appeals a Pulaski Circuit Court summary judgment entered on

behalf of appellee, Arkansas Power and Light Company (AP&L). An employee of appellee activated the electrical power at appellant's mobile home on September 10, 1991, at appellant's request, and also turned the switches on in the breaker box. At the time, appellant was making electrical repairs and did not want the breaker switches turned on. A box sitting on an electric stove inside the mobile home ignited when the breaker switch was turned on; this, in turn, damaged the residence and its contents. Appellant filed suit, and appellee filed a motion for summary judgment. After a hearing on the motion for summary judgment, the court held that there were no genuine issues of material fact remaining and that appellee was entitled to judgment as a matter of law. Appellant appeals the summary judgment, and we reverse in that the trial court erred as a matter of law.

■ Summary judgment is proper when there exists no issue of material fact, and the movant is entitled to judgment as a matter of law. ARCP Rule 56. On appeal, this court determines if summary judgment was proper based on whether the evidence presented by the movant leaves a material question of fact unanswered. *Barraclough* v. *Arkansas Power & Light Co.*, 268 Ark. 1026, 597 S.W.2d 861 (1980). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Harvison* v. *Charles E. Davis & Assoc., Inc.*, 310 Ark. 104, 835 S.W.2d 284 (1992). We acknowledge whether a duty is owed between parties is a question of law. *Stacks* v. *Arkansas Power & Light Co.*, 299 Ark. 136, 771 S.W.2d 754 (1989); *Keck* v. *American Employment Agency, Inc.*, 279 Ark. 294, 652 S.W.2d 2 (1983).

■ Appellant correctly points out that this court has spoken on the topic of utility companies and their duties to inspect and maintain its own equipment and has consistently held that those companies are not held liable for injuries that cannot be reasonably foreseen. *See e.g. Stacks*, 299 Ark. 136, 771 S.W.2d 754; *Arkansas Power & Light Co.* v. *Lum*, 222 Ark. 678, 262 S.W.2d 920 (1953). There is, then, without question a duty to act reasonably when supplying power. A duty of reasonable care is also made clear in our statutes, as argued by appellant. Ark. Code Ann. § 23-3-113 (1987) sets forth a duty of reasonable care and reads:

(a) Every public utility shall furnish, provide, and maintain such adequate and efficient service, instrumentalities, equipment, and facilities as shall promote the safety, health, comfort, requirements, and convenience of its patrons, employees, and the public.

(b) Every person, firm, or corporation engaged in a public service business in this state shall establish and maintain adequate and suitable facilities, safety appliances, or other suitable devices and shall perform such service in respect thereto as shall be reasonable, safe, and sufficient for the security and convenience of the public and the safety and comfort of its employees, and, in all respects, just and fair, and without any unjust discrimination or preference.

This codifies a duty to act with reasonable care in the delivery of service. We reverse with regard to the existence of a duty, that duty being to act reasonably under the circumstances not to harm.

Appellant argued to the court at the hearing that AP&L assumed a duty when it went onto appellant's property and turned the breakers on. Had the AP&L serviceman only activated the power at the power pole, we could affirm the trial court's summary judgment. However, whether activation of the breaker switches owned by appellant constituted a breach of the duty of reasonable care is a question of fact to be left to the finder of fact. The trial court erred in that it apparently limited its holding to deciding as a matter of law that there was no duty to inspect the customer's premises prior to activating service, ignoring that there is a broader duty of reasonable care in supplying power. Since we reverse the initial determination that there existed no duty as a matter of law, we need not address the question of whether there were factual issues unanswered.

Reversed and remanded.

HOLT, C.J., not participating.