Jeff JENKINS, d/b/a Asher Wrecker Service *v.* CITY OF
LITTLE ROCK

CA 95-67                                        915 S.W.2d 298

Court of Appeals of Arkansas
Division III
Opinion delivered February 21, 1996
[Petition for rehearing denied June 12, 1996.*]

---

* MAYFIELD, J., would grant.

114

*The Cortinez Law Firm, P.A.*, by: *Robert S. Tschiemer* and *Robert R. Cortinez*, for appellant.

*Thomas M. Carpenter*, Little Rock City Att'y and *Paul D. White*, Ass't City Att'y, for appellee.

JOHN B. ROBBINS, Judge. On June 8, 1992, appellant Jeff Jenkins, d/b/a Asher Wrecker Service, filed an action against the City of Little Rock for breach of contract. After a hearing, the circuit court granted the city's motion for summary judgment. Specifically, the circuit court found that appellant's claim was barred by the statute of limitations. Appellant now seeks reversal, arguing that the trial court erred in applying a three-year, rather than a five-year, limitations period. We find no error and affirm.

Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Arkansas Blue Cross and Blue Shield* v. *Hicky*, 50 Ark. App. 173, 900 S.W.2d 598 (1995). All proof submitted must be considered in the light most favorable to the non-moving party, and any doubts or inferences must be resolved against the moving party. *Wozniak* v. *Colonial Ins. Co.*, 46 Ark. App. 331, 885 S.W.2d 902 (1994). On appeal, we determine whether the evidence presented by the movant leaves a material question of fact unanswered. *Bellanca* v. *Arkansas Power and Light Co.*, 316 Ark. 80, 870 S.W.2d 735 (1994).

The evidence in the instant case shows that in April 1987 the City of Little Rock published a request for bids for the rendition of towing and vehicle-storage services to the city. Among

the bids received was one submitted by Jeff Jenkins, owner of Asher Wrecker Service. After reviewing all bids, the city's Board of Directors adopted a resolution authorizing the City Manager to award a contract to Asher Wrecker Service. This resolution was adopted on June 2, 1987, at which time appellant began towing for the city.

A dispute arose over, what appellant now characterizes as, additional terms that were being imposed by the City of Little Rock, and on June 8, 1987, appellant withdrew his bid. Routh Wrecker Service was then awarded the contract. On June 8, 1992 (exactly five years after the alleged breach), appellant filed this action against the City of Little Rock.

In granting the city's motion for summary judgment, the trial court noted that the parties never entered into a written agreement and that, at most, only an oral contract existed. The trial court then cited Ark. Code Ann. § 16-56-105 (1987), which provides in pertinent part:

> 16-56-105. ACTIONS WITH LIMITATION OF THREE YEARS.
>
> The following actions shall be commenced within three (3) years after the cause of action accrues:
>
> (1) All actions founded upon any contract, obligation, or liability not under seal and not in writing, excepting such as are brought upon the judgment or decree of some court of record of the United States or of this or some other state[.]. . .

Pursuant to this statute, appellant's action was held to be time-barred.

For reversal, appellant contends that the trial court erred in finding that no written contract existed, and that the applicable statute of limitations should have been five years, as provided by Ark. Code Ann. § 16-56-111 (1987). Specifically, appellant argues that his signed bid to perform services constituted an offer, and that the City of Little Rock accepted this offer in writing when it adopted a resolution awarding the contract to Asher Wrecker Services.

We find no error in the trial court's determination that

116

no genuine issues of material fact existed and that the City of Little Rock was entitled to judgment as a matter of law. The contents of the city's written resolution are not in dispute. The resolution states:

> In compliance with Section 2-44 of the Code of Ordinances of the City of Little Rock, the City Manager is hereby authorized to award a contract for the granting of a franchise to operate a wrecker service within the City of Little Rock to Asher Wrecker Service.

A plain reading of the above resolution indicates that the city had not contractually bound itself in writing. Rather, it only authorized the City Manager to award a contract to Asher Wrecker Service. There is no evidence, nor is it contended, that the City Manager signed a written contract with Asher Wrecker Service as authorized by the resolution. Therefore, if the parties were contractually bound at all, it was pursuant to an oral contract. Appellant's attempt to bring an action five years later was barred by the applicable three-year statute of limitations.

Affirmed.

PITTMAN and ROGERS, JJ., agree.