# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1364

_____

Estella M. Caradine

*Plaintiff - Appellant*

v.

Fred's Stores of Tennessee, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 31, 2012
Filed: January 9, 2013
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this diversity action, Estella Caradine appeals the district court's grant of summary judgment in favor of defendant Fred's Stores of Tennessee, Inc. (FST). After careful consideration, see Estate of Morgan v. Cook, 686 F.3d 494, 496 (8th Cir. 2012) (de novo review), we reverse and remand for further proceedings.

The only evidence presented to the district court was Caradine's deposition testimony, to the following effect. In March 2010, Caradine arrived at a Fred's Store in North Little Rock, Arkansas, to help a friend shop. When walking down an aisle, she spotted two boxes of Pine-Sol on the ground in front of her, and a small amount of yellow liquid to the side of one box. To avoid the spill, she walked between the two boxes, as she did not see any liquid on that portion of the floor. She then slipped and fell on her back, resulting in injuries. No signs warned her about the spill. Caradine testified that although she did not see any liquid where she walked either before or after her fall, she believed she slipped in Pine-Sol because she smelled like Pine-Sol after falling, and the manner in which she fell--landing on her back-- indicated that she slipped on a substance.

We conclude that the undisputed evidence presented questions of material fact precluding summary judgment. First, based on Caradine's testimony, a reasonable factfinder could find that Caradine slipped in Pine-Sol residue, and that the residue created an unsafe condition. See Wal-Mart Stores, Inc. v. Regions Bank Trust Dep't, 69 S.W.3d 20, 23 (Ark. 2002) (store owner "has a duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees"); Kelley v. Nat'l Union Fire Ins. Co., 937 S.W.2d 660, 662 (Ark. 1997) (in slip-and-fall case, holding that question of fact existed as to whether foreign substance was present on floor, even though plaintiff did not see what caused her fall, based in part on dust she saw on bystander's hand who helped her up).

Second, a factfinder could infer that FST either knew about the spill, or that the spill had remained on the floor long enough for FST to know it was there. FST presented no contrary evidence below, and excerpts of Caradine's deposition that FST includes on appeal (but omitted below) reflect her testimony that after she fell and was helped to the front of the store, a cashier who was told what happened said, "'well, I had called somebody to clean up that spill before you even got to the store'";

and her testimony stating, "There wasn't a wet floor sign back there, nowhere. If I had seen the wet floor sign, then I would have went another way and I wouldn't have never fell." See Parker v. Perry, 131 S.W.3d 338, 343 (Ark. 2003) (when reviewing grant of summary judgment, court decides only if evidence movant presented left question of material fact unanswered; if movant did not offer proof on controverted issue, summary judgment is not appropriate, even if nonmovant fails to present countervailing evidence); Regions Bank Trust, 69 S.W.3d at 23-24 (reciting elements of slip-and-fall cases under Arkansas law); see also Hintz v. JPMorgan Chase Bank, 686 F.3d 505, 508-09 (8th Cir. 2012) (appellate court may enlarge record when interests of justice demand it; court considered transcript first produced on appeal where neither party disputed its validity and both their briefs relied on it).

Finally, we conclude the obvious-danger rule did not eliminate FST's duty to Caradine. See Young v. Paxton, 873 S.W.2d 546, 550 (Ark. 1994) (obvious-danger rule states that land owner's duty to invitee is usually satisfied if danger is known or obvious to invitee). A reasonable factfinder could infer from Caradine's testimony that she did not know of or appreciate the danger of walking between the Pine-Sol boxes--and around the portion of the spill she knew about--until after her fall. See Van DeVeer v. RTJ, Inc., 101 S.W.3d 881, 887 (Ark. Ct. App. 2003) (whether condition was open and obvious was a question of fact for the jury that cannot be decided on summary judgment); Coleman v. Monson, 522 N.W.2d 91, 93-94 (Iowa Ct. App. 1994) (where plaintiff knew floors had water on them from cleaning but did not know exactly where, and she proceeded down aisle she perceived as clear of water, but slipped and fell on water anyway, court determined enough evidence existed to infer that dangerous condition was not known or obvious).

Therefore, we reverse the district court's grant of summary judgment and remand for further proceedings.

———————————————