SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-1100

| | |
|---|---|
| | **Opinion Delivered** September 10, 2014 |
| SUSAN ANNETTE VER WEIRE<br>APPELLANT | APPEAL FROM THE POPE COUNTY<br>CIRCUIT COURT<br>[NO. CV-10-253] |
| V. | |
| | HONORABLE DENNIS CHARLES<br>SUTTERFIELD, JUDGE |
| WAYNE STYLES and PATTY STYLES<br>APPELLEES | REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

This is the second appeal in this premises–liability case. The appellees, Wayne and Patty Styles (the "Styleses"), own Centerville Dragway (the "raceway"). Appellant Susan Annette Ver Weire was a spectator at a racing event held at the raceway, and she filed a negligence suit against the Styleses after sustaining personal injuries at the event. In her complaint, Ms. Ver Weire alleged that the appellees were negligent in their maintenance of the raceway bleachers, and that a bleacher board in the bleachers came loose, causing her to fall to the ground and suffer multiple ankle fractures.

The first appeal to this court came after the trial court granted the Styleses' motion for summary judgment on the ground that a release form signed by Ms. Ver Weire prior to the racing event released the Styleses from any and all liability. However, in *Ver Weire v. Styles*, 2013 Ark. App. 208, 427 S.W.3d 112, we held that the release relied on by the Styleses did

SLIP OPINION

not operate as a bar to Ms. Ver Weire's cause of action for her damages allegedly caused by the Styleses' negligence in failing to properly maintain the bleachers. Accordingly, we reversed the summary judgment and remanded the case.

After our remand, the Styleses filed another motion for summary judgment, this time arguing that Ms. Ver Weire could not sustain her claim of negligence. Specifically, the Styleses asserted that there was no evidence that either of them created the alleged defect with the bleachers or that such a defect was reasonably apparent to them. The trial court granted the Styleses' summary-judgment motion, and this second appeal followed. We agree with Ms. Ver Weire's argument that summary judgment was erroneously entered against her on her negligence claim, and we again reverse and remand.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Harvest Rice, Inc. v. Fritz & Mertice Lehman Elevator & Dryer, Inc.*, 365 Ark. 573, 231 S.W.3d 720 (2006). The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. *Id.*

Arkansas law provides that a property owner has a general duty to exercise ordinary care to maintain a reasonably safe condition for the benefit of his invitees. *Kroger Co. v. Smith*, 93 Ark. App. 270, 218 S.W.3d 359 (2005). To recover for the failure of a possessor of property to use ordinary care, the business invitee has to show (1) that the premises were defective; (2) that the possessor created the defect, or that the defect was apparent or by the exercise of ordinary care should have been apparent, so that a reasonably prudent possessor

would correct the defect or warn the invitee of it; and (3) that the defect caused the injury. *Gann v. Parker*, 315 Ark. 107, 865 S.W.2d 282 (1993). The owner is not an insurer of the safety of invitees on his premises, but his liability to an invitee must be based upon negligence. *Ollar v. Spakes*, 269 Ark. 488, 601 S.W.2d 868 (1980).

The Styleses attached two evidentiary exhibits in support of their motion for summary judgment—excerpts from a deposition given by Ms. Ver Weire and an affidavit of Wayne Styles. In Ms. Ver Weire's deposition, she testified about her visit to the raceway on July 3, 2005. Ms. Ver Weire had taken her two young nephews to the raceway and they ascended the bleachers near the starting line where they sat and watched several races. Ms. Ver Weire's nephews wanted to change locations to the finish line, and the older nephew jumped off the back of the bleachers to the ground. Ms. Ver Weire then picked up the younger nephew and lowered him to the ground from the side of the bleachers.

Ms. Ver Weire stood on a wooden bleacher board and attempted to exit from the side. She stated that when she put her weight on the end of the bleacher board "the whole thing tipped with me," causing her to fall to the ground and sustain injuries. Ms. Ver Weire indicated that a person in the crowd inspected the bleacher board and said, "well, it's not attached." Ms. Ver Weire further testified that she knew the bleacher board was not attached when it threw her, stating that "the whole thing went up in the air and it went bang, bang, bang, bang . . . when it hit." Ms. Ver Weire stated, "I stood up and when I got my foot over the edge of whatever was supporting it, the whole thing went."

3

 

In Wayne Styles's affidavit, he stated:

1. I am an officer of Centerville Dragway, Inc., which operates the Centerville Dragway racetrack in Centerville, Arkansas.

2. I am over the age of 18, mentally and legally competent to testify, and have personal knowledge of the matters asserted herein.

3. In my capacity with Centerville Dragway, Inc., I would personally inspect the bleachers at the track. This was and continues to be my routine, habit, and custom, predating July 3, 2005. I conduct my inspection on a weekly basis, every Friday before the weekend races.

4. As part of my inspection, I visually inspect the bleachers, row by row and section by section. I visually look for broken boards, boards which are out of place or out of position, and for loose bolts. As part of my inspection, I visually inspect under the bleachers and where the bleacher boards are physically attached to the bleachers. I also walk on each of the boards to physically confirm that they are secure.

5. I perform these inspections on a weekly basis every Friday and have done so since before July 3, 2005.

6. On Friday, July 1, 2005, I personally inspected the bleachers before the weekend racing events. I visually inspected the bleachers, row by row and section by section. I visually looked for broken boards, boards which were out of position or out of place, and for loose bolts on the bleachers. As part of my inspection, I visually inspected under the bleachers and where the bleacher boards were physically attached to the bleachers. I also physically walked on the boards to ensure they were securely fastened. Upon inspection, there was no evidence of disrepair or that the bleacher boards were not securely affixed to the bleachers.

7. On Saturday, July 2, 2005, the Centerville Dragway opened for racing and the bleachers were full of patrons. There were no reported incidents involving the bleachers that night nor did any patron report a problem or hazard with the bleachers or bleacher boards.

8. Centerville Dragway, Inc. has had no reports of injuries or prior complaints related to the bleachers or bleacher boards before the alleged incident involving plaintiff, Susan Annette Ver Weire, on July 3, 2005.

In this appeal, Ms. Ver Weire argues that summary judgment was erroneously entered in favor of the Styleses because there were genuine issues of material fact as to whether the Styleses were negligent. We agree that summary judgment was inappropriate.

In the appellees' brief, the Styleses contend that no consideration should be given to the hearsay statement of the unknown raceway patron allegedly said the bleacher board was not attached at the opposite end of where appellant had fallen. Indeed, we have held that a statement that is not based on personal knowledge, but on inadmissible hearsay, will not be accepted as the basis for finding a genuine issue of material fact to deny entry of summary judgment. *Cowan v. Ellison Enters., Inc.*, 93 Ark. App. 135, 217 S.W.3d 175 (2005). Here, we do not reach the issue of whether this alleged statement by a third person is admissible or not admissible because Ms. Ver Weire testified of her own personal knowledge that she knew the bleacher board was not attached when it "threw her" and she fell. Therefore, Ms. Ver Weire's testimony alone constituted some relevant evidence from which the trier of fact could reasonably infer or conclude that the bleachers were defective.

The appellees also rely on *Mangum v. Pigue*, 359 Ark. 373, 198 S.W.3d 496 (2004), where the supreme court said that negligence is not imposed in the absence of proof, and the fact that an accident occurred with nothing more is not evidence of negligence on the part of anyone. That principle is sound, but not applicable here because Ms. Ver Weire did not simply present proof of an accident; she also presented proof, if believed, that the accident was caused by a loose bleacher board. Moreover, on the evidence presented, reasonable jurors could reach different conclusions as to whether the Styleses should have known of the defective bleachers in the exercise of ordinary care.

Our opinion in *Van DeVeer v. RTJ, Inc.*, 81 Ark. App. 379, 101 S.W.3d 881 (2003), is persuasive for the case at bar. In *Van DeVeer*, the trial court granted summary judgment to

the defendant because the material facts were not in dispute. However, the court of appeals reversed the summary judgment and held that the finder of fact could reasonably draw different and inconsistent conclusions from those undisputed facts.

A brief discussion of *Van DeVeer* is helpful. Mr. Van DeVeer was working at a greenhouse owned by RTJ, Inc., installing windows. Van DeVeer opened a door to descend a staircase. There was a gap between the boards on the landing and Van DeVeer fell, causing personal injuries. Van DeVeer filed a premises-liability suit against RTJ, Inc., generally alleging negligence. RTJ, Inc., filed a motion for summary judgment alleging, among other things, that the gap in the boards was open and obvious. The facts were not in dispute. In other words, there was not a genuine issue of material fact; however, those undisputed facts could lead to inconsistent and different inferences or conclusions. In reversing summary judgment, the *Van DeVeer* court discussed the issue as follows:

> In *Flentje v. First National Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000), the supreme court said:
>
>> Summary judgment is not proper, however, "where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypothesis might reasonably be drawn and reasonable minds might differ." *Thomas v. Sessions*, 307 Ark. 203, 818 S.W.2d 940 (1991).
>>
>> As we further explained in *Wallace v. Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998), we will not engage in a "sufficiency of the evidence" determination. We have ceased referring to summary judgment as a drastic remedy. We now regard it simply as one of the tools in a trial court's efficiency arsenal; however, we only approve the granting of the motion when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admission on file is such that the nonmoving party is not entitled to a day in court, i.e., when there is not any genuine remaining issue of fact and the moving party is entitled to judgment as a matter of law. *Id. However, when there is no material dispute as to the facts, the court will determine whether "reasonable minds"*



*could draw "reasonable" inconsistent hypotheses to render summary judgment inappropriate. In other words, when the facts are not at issue but possible inferences therefrom are, the court will consider whether those inferences can be reasonably drawn from the undisputed facts and whether reasonable minds might differ on those hypotheses.* 340 Ark. at 569–70, 11 S.W.3d at 536.

There are no factual disputes in this case about the physical condition of the stairs, such as the fact that the stairs contained no landing and were hidden by a door. Regarding Van DeVeer's knowledge of the dangerous condition, it is also undisputed that Van DeVeer had never used the stairs in question, and although while working on the lower level, he had noticed that the stairs did not have a handrail, he stated that he did not know that there was no landing at the top of the stairs. *However, even if there are no disputed questions of fact regarding whether Van DeVeer had knowledge of the dangerous condition or whether the stairs were an obvious danger, we conclude that reasonable men could reach different conclusions from these facts regarding the duty owed by RTJ, and summary judgment was inappropriate in this instance.*

. . . .

We agree [with Van DeVeer] and conclude that reasonable men could reach different conclusions as to whether RTJ should have anticipated that harm to its invitee might arise under the circumstances presented in this case; thus, we hold that summary judgment was also inappropriate on this issue.

*Van DeVeer*, 81 Ark. App. at 388–90, 101 S.W.3d at 886–87 (emphasis added).

The circumstances in this case present the occasion for a similar *Van DeVeer* analysis. For the limited purpose of reviewing the appropriateness of summary judgment, the material facts herein are not in dispute. The appellant, Ms. Ver Weire, stepped on the end of a bleacher board, the other end of the bleacher board rose into the air, and Ms. Ver Weire fell to the ground and sustained personal injuries. Ms. Ver Weire testified, "[W]*hen I put my weight on the end of the board, the whole thing tipped with me. . . . It [the bleacher board] was just sitting on the frame but it wasn't attached to the frame because the whole thing—I knew it wasn't attached when it threw me. The whole thing went up in the air and it went bang, bang, bang, you*

*know, when it hit.*" On the other hand, Mr. Styles testified in his affidavit that he personally inspected the bleachers on Friday and did not discover any defect. Mr. Styles further stated that no one complained regarding the condition of the bleachers on Friday or Saturday nights and the Ver Weire accident occurred on Sunday night. Applying the rationale and holding in *Van DeVeer* to the facts in this case, we arrive at the same conclusion.

We conclude that reasonable men could reach different conclusions from these facts regarding whether the Styleses breached their duty to maintain its premises in a reasonably safe condition and whether the Styleses should have anticipated that harm to its invitee might arise under the circumstances presented in this case. Thus, we hold that summary judgment was inappropriate in this instance.

Reversed and remanded.

WYNNE and BROWN, JJ., agree.

*Jon R. Sanford, P.A.*, by: *Jon R. Sanford*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Mark D. Wankum*, for appellees.